IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MISS GLENN A. PORTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0472-JED-CDL |
| | ) | |
| **SCOTT CROW, Director, Oklahoma** | ) | |
| **Department of Corrections, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER DIRECTING SPECIAL REPORT

This matter is before the Court on a motion (Doc. 95) filed by Defendants Ensey[1] and Gillespie (collectively, "Defendants") on January 5, 2021. Defendants seek an order directing officials with CoreCivic, Inc., the corporation that owns and operates the Cimarron Correctional Facility (CCF), a private prison, to investigate Plaintiff Porter's allegations against Defendants and to submit a special report, pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).[2] Defendants further request that the Court stay discovery pending submission of the special report and extend their deadline for filing an answer or other responsive pleading until after submission of the special report. Porter did not file a response to the motion and the time to do so has passed. For the reasons that follow, the Court grants the motion.

---

[1] In the First Amended Complaint (Doc. 49), Porter identifies Defendant Ensey as "Defendant Enzy." In this order, the Court will refer to the defendant as "Defendant Ensey." Counsel for Defendants Ensey and Gillespie shall provide full names for each defendant and correct the spelling of their names, if necessary, when filing an answer or other responsive pleading.

[2] At the times relevant to Porter's claims against Defendants, CoreCivic contracted with the Oklahoma Department of Corrections (ODOC) to house state prisoners at the CCF. Doc. 95, at 2. CoreCivic no longer houses state prisoners at the CCF for the ODOC. *Id.*

## I.

Porter, a state inmate, commenced this action in September 2018, by filing a 42 U.S.C. § 1983 civil rights complaint (Doc. 1) alleging that multiple officials with the Oklahoma Department of Corrections (ODOC) violated her constitutional rights.[3] Because Porter initially appeared without counsel, the Court directed officials with the ODOC to prepare and submit a *Martinez* report. Doc. 7. Before ODOC officials filed the *Martinez* report (Doc. 25), Porter moved to amend her complaint to add new claims against new defendants, including Defendants Ensey and Gillespie, both of whom are employed by CoreCivic and work at the CCF. *See* Docs. 23, 32. She also filed a motion for appointment of counsel. Doc. 31. In an order (Doc. 46) filed May 17, 2019, the Court granted Porter's request for counsel. In an opinion and order (Doc. 47) filed that same day, the Court granted Porter's motion to file an amended complaint and directed Porter's counsel to file an amended complaint within 30 days of entering an appearance in the case. Counsel filed the First Amended Complaint (FAC) (Doc. 49), the operative complaint in this matter, on June 20, 2019.

In an opinion and order (Doc. 71) filed February 10, 2020, the Court dismissed several claims and determined that Porter could proceed on only two claims asserted in the FAC: Count II, a deliberate-indifference claim asserted against Defendants Jones, Wagener, McCurdy, Morgan, Lehnus, A.J. Williams and Bowler, in their individual capacities, and against Defendants Crow, G. Williams and Whitten, in their official capacities; and Count VI, a deliberate-indifference claim asserted against Defendants Byrd, Ensey, Gillespie and Morris, in their individual capacities. The Court found, however, that the four defendants identified in Count VI, were subject to being

---

[3] Porter is a transgender inmate who self-identifies as female. Doc. 1, at 2. The Court therefore uses female pronouns when referring to Porter.

dismissed from this action because Porter failed to effect timely service of the FAC as to those defendants. Doc. 71, at 31; Doc. 82, at 1, 3. On Porter's motion, the Court extended the time for service, *see* Docs. 83, 84, 85, and Porter effected service of the FAC, as to all four defendants identified in Count VI, on December 14, 2020, *see* Docs. 89, 90, 91, 93.

Defendants Ensey and Gillespie filed the instant motion (Doc. 95) on January 5, 2021. In support of their request for an order directing CoreCivic officials to prepare and submit a special report, Defendants assert that the previously-filed *Martinez* report did not address Porter's allegations relating to civil rights violations that she claims occurred at the CCF and that, because the CCF no longer houses ODOC prisoners, "[o]btaining records now in archives" may be difficult. Doc. 95, at 2. Defendants request "authority to obtain and review all pertinent records including, but not limited to, financial, medical, and mental health records." *Id.* They further request that the Court stay discovery and extend their time to file an answer or other responsive pleading to the FAC until after the special report has been filed. *Id.* at 2-3.

**II.**

In *Martinez*, the United States Court of Appeals for the Tenth Circuit "approved a district court's order that prison officials investigate the facts surrounding a civil rights suit by inmates to construct 'an administrative record . . . to enable the trial court to decide . . . jurisdictional issues and make a determination [of frivolity] under [28 U.S.C.] section 1915(a).'" *Sampley v. Ruettgers*, 704 F.2d 491, 493 n.3 (10th Cir. 1983) (alterations in original) (quoting *Martinez*, 570 F.2d at 319). The Tenth Circuit subsequently explained that when a *pro se* plaintiff is a prisoner, a *Martinez* report "is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). *Hall* suggested that a *Martinez* report may be useful not only at the

3

preliminary stages of *pro se* prisoner litigation, when a court is attempting to discern whether a complaint states any viable claims, but also at the motion to dismiss or summary judgment stage so long as the plaintiff has been provided an opportunity to controvert any facts set out in the report. *Id.* at 1108-13; *see also Gee v. Pacheco*, 627 F.3d 1178, 1186-87 (10th Cir. 2010) (discussing permissible use of *Martinez* report in context of Fed. R. Civ. P. 12(b)(6)).

But the Tenth Circuit has made clear that a *Martinez* report "is meant only to identify and clarify bona fide disputes, not to resolve them." *Reed v. Dunham*, 893 F.2d 285, 287 n.2 (10th Cir. 1990); *see also Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir.1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."); *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (explaining that *Martinez* report "is designed to aid the court in fleshing out possible legal bases of relief from unartfully drawn pro se prisoner complaints, not to resolve material factual issues"); *Hall*, 935 F.2d at 1109 (noting that court "cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits"). Whether to order a *Martinez* report is a discretionary decision that rests with the Court, and neither party is entitled to such a report to support their claims or defenses. *Pemberton v. Patton*, 639 F. App'x 532, 536 (10th Cir. 2016) (unpublished).[4]

Here, Porter initially appeared *pro se* but she is now represented by counsel. And the Court has already determined that Porter's allegations in the FAC support a plausible Eighth Amendment deliberate-indifference claim against Defendants Ensey and Gillespie. Nonetheless, the Court

---

[4] The Court cites this unpublished decision as persuasive authority. *See* Fed. R. App. P. 32.1(A); 10th Cir. R. 32.1(a).

agrees with Defendants that a *Martinez* report may be useful in developing an administrative record regarding that claim. *See Gee*, 627 F.3d at 1186; *Hall*, 935 F.2d at 1110-11. Because the Court finds that a special report prepared by CoreCivic officials responsible for the operation of the CCF may be helpful in this respect, the Court grants Defendants' motion. The Court therefore stays discovery between Plaintiff Porter and Defendants Ensey and Gillespie and extends the deadline for Defendants Ensey and Gillespie to file an answer or other responsive pleading pending an investigation by CoreCivic officials responsible for the operation of the CCF and the preparation and submission of a *Martinez* report, as described herein.

CoreCivic officials responsible for the operation of the CCF shall undertake a review of any administrative records kept by CoreCivic, including medical records, that are relevant to Porter's claim, as asserted in Count VI of the FAC, that officials at the CCF failed to protect her from sexual harassment and rape while she was incarcerated at the CCF between July 2017 and January 2018. *See* Doc. 49, at 5-6, 13-14. CoreCivic officials shall prepare a written report that includes the results of its review and any rules or regulations pertinent to the subject matter of Porter's Count VI claim. No later than 60 days from the entry of this order, CoreCivic officials shall file the written report, and any exhibits thereto, with this Court.

No later than 21 days after CoreCivic officials file the special report, Defendants Ensey and Gillespie shall file an answer or other responsive pleading addressing the allegations in the FAC. If either defendant files a motion to dismiss or a motion for summary judgment after the special report has been submitted, Porter shall file a response to that motion no later than 21 days after the defendant files the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' motion (Doc. 95) requesting a special report, a stay of discovery, and an

extension of time to respond to the First Amended Complaint is **granted**.

2. CoreCivic officials responsible for the operation of the CCF shall undertake a review of any administrative records kept by CoreCivic, including medical records, that are relevant to Porter's claim, as asserted in Count VI of the First Amended Complaint, that officials at the CCF failed to protect her from sexual harassment and rape while she was incarcerated at the CCF between July 2017 and January 2018.

3. CoreCivic officials shall prepare a written report that includes the results of its review and any rules or regulations pertinent to the subject matter of Porter's Count VI claim. **No later than 60 days from the entry of this order**, CoreCivic officials shall file the written report, and any exhibits thereto, with this Court.

4. Discovery between Plaintiff Porter and Defendants Ensey and Gillespie is stayed pending the filing of the special report and shall resume upon filing of the special report.

5. **No later than 21 days after CoreCivic officials file the special report**, Defendants Ensey and Gillespie shall answer or otherwise plead to the allegations in the First Amended Complaint.

6. If either defendant files a motion to dismiss or a motion for summary judgment after the special report has been submitted, Porter shall file a response to that motion no later than 21 days after the defendant files the motion.

ORDERED this 4th day of February, 2021.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT