IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MISS GLENN A. PORTER,
        Plaintiff,

vs.

SCOTT CROW, Director, Oklahoma
Department of Corrections, et al.,

        Defendants.

Case No. CIV-18-0472-JED-CDL

### DEFENDANTS' ANSWER
### TO PLAINTIFF'S AMENDED COMPLAINT.

COME NOW Defendants Ensey and Gillespie (hereinafter referred to as ("CoreCivic Defendants") by and through their attorney of record, Darrell L. Moore, OBA #6332, submitting their Answer in opposition to Plaintiff's claims contained in the First Amended Complaint.

Defendants' Answer is provided to the Court in the same numerical sequence and style as presented by the Plaintiff, as follows:

**(Amended Complaint Page 1 of 16)**

**PARTIES, JURISDICTION & VENUE**

    1.    Defendants admit that Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections. Plaintiff asserted in his Complaint that he was confined by the Oklahoma Department of Corrections at the James Crabtree Correctional Center in Helena, Oklahoma, however the ODOC offender lookup indicates that since that filing Plaintiff has been transferred to Joseph Harp Correctional Facility in Lexington, Oklahoma.

2. Defendants admit that during times relevant to the Plaintiff's allegations, Defendant Crow was the Interim Director of the Oklahoma Department of Corrections. CoreCivic Defendants do not have further information related to this Defendant.

3. Defendants do not have sufficient information related to this Defendant to either admit or deny Plaintiff's allegations.

4. Defendants admit Dowlins was Warden at Dick Conners Correctional Center. CoreCivic Defendants do not have further information related to this Defendant.

**(Amended Complaint Page 2 of 16)**

5. Defendants admit that Defendant Jones was a doctor providing services to ODOC inmates. CoreCivic Defendants do not have further information related to this Defendant.

6. Dr. Lehnus is not employed by CoreCivic. CoreCivic Defendants do not have further information related to this Defendant.

7. Defendant Wesener is not employed by CoreCivic. CoreCivic Defendants do not have further information related to this Defendant.

8. CoreCivic Defendants admit Dr. Joel McCurdy was the Medical Director for ODOC. CoreCivic Defendants do not have further information related to this Defendant.

9. CoreCivic Defendants have insufficient knowledge regarding Defendant Williams to either admit or deny the allegations of the Plaintiff, therefore those allegations are denied.

10. CoreCivic Defendants admit Defendant Morgan is the director of Mental Health Services for ODOC. CoreCivic Defendants do not have further information related to this Defendant.

11. Defendants have insufficient knowledge to either admit or deny the allegations of the Plaintiff regarding Defendant Whitten, therefore all allegations are denied.

**(Amended Complaint Page 3 of 16)**

12. Defendants have insufficient knowledge to either admit or deny the Plaintiff's allegations in paragraph no. 12. Therefore, all allegations are denied.

13. Defendants admit Raymond Byrd was employed as Warden of Cimarron Correctional Facility. The remaining allegations are denied.

14. Defendants admit Defendant Ensey was employed by CoreCivic as an Assistant Warden at Cimarron Correctional Facility. The remaining allegations are denied.

15. Defendants admit Defendant Gillespie was employed by CoreCivic at Cimarron Correctional Facility. The remaining allegations are denied.

16. Defendants admit that Defendant Morris was employed as a Case Manager at Cimarron Correctional Facility. The remaining allegations are denied.

17. CoreCivic Defendants do not have sufficient information to either admit or deny allegations related to Guards employed by the ODOC at James Crabtree Correctional Center.

18. Jurisdiction is admitted. The remaining allegations are denied.

**(Amended Complaint Page 4 of 16)**

  19. Venue is admitted. The remaining allegations are denied.

## FACTS

**A. Plaintiff's Diagnosis**

  20. CoreCivic Defendants admit Plaintiff is now presenting as a transgender inmate. CoreCivic Defendants admit Plaintiff is serving a life sentence. CoreCivic Defendants do not have sufficient information to admit or deny the remainder of the Plaintiff's allegations, and therefore the same are denied.

  21. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

  22. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

  23. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

  24. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

**(Amended Complaint Page 5 of 16)**

  25. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations and therefore the same are denied. .

  26. Admitted.

  27. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

28. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

29. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

30. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

**B. Transfer to CCF**

31. Admitted that Plaintiff arrived at CCF on or about July 24, 2017.

32. Admitted.

33. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

34. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

**(Amended Complaint Page 6 of 16)**

35. Denied.

36. Denied.

37. Denied.

**C. Transfer to DCCC**

38. Defendants admit that Plaintiff was transferred by the Oklahoma Department of Corrections from Cimarron Correctional Facility.

39. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

**D. Transfer to JCCC and removal from HRT**

40. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

41. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

42. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

43. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

**(Amended Complaint Page 7 of 16)**

44. CoreCivic Defendants deny that the allegations in paragraph number 44 have any relation to any CoreCivic employee or Defendant.

45. Plaintiff makes no allegations related to CoreCivic Defendants.

46. Plaintiff makes no allegations related to CoreCivic Defendants.

47. Plaintiff makes no allegations related to CoreCivic Defendants.

48. Plaintiff makes no allegations related to CoreCivic Defendants.

49. Plaintiff makes no allegations related to CoreCivic Defendants.

50. Plaintiff makes no allegations related to CoreCivic Defendants.

**(Amended Complaint Page 8 of 16)**

51. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

52. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

53. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

54. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

55. Plaintiff's grievances filed while housed at Cimarron Correctional Facility were appropriately responded to in accordance with DOC Grievance Policy #OP-090124.

56. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

57. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

58. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

59. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

**(Amended Complaint Page 9 of 16)**

60. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

61. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

62. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

63. Denied that Plaintiff properly exhausted administrative remedies as to claims related to her confinement at Cimmaron Correctional Facility.

### FIRST CAUSE OF ACTION: DISCRIMINATION, VIOLATION OF EQUAL PROTECTION
### (Fourteenth Amendment Claim for Damages and Declaratory and Injunctive Relief under 42 USC § 1983)

64. CoreCivic Defendants incorporate by reference their foregoing statements as if fully restated herein.

65. CoreCivic Defendants concede that Plaintiff has accurately quoted 42 USC § 1983. CoreCivic Defendants deny any suggested or implied violation of the same.

66. CoreCivic Defendants do not possess sufficient knowledge to admit or deny the citizen status of each Defendant.

**(Amended Complaint Page 10 of 16)**

67. Defendants Ensey and Gillespie are employed by CoreCivic, Inc. Oklahoma DOC and CoreCivic, Inc., had entered into an incarceration services contract for the housing of medium-security and maximum-security inmates at the Cimarron Correctional Facility. Plaintiff's allegations of wrongdoing by these Defendants are denied.

68. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 68.

69. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 69.

70. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 70.

**SECOND CAUSE OF ACTION: VIOLATION OF RIGHT
TO ADEQUATE HEALTH CARE
Eighth and Fourteenth Amendment Claim for Damages and Declaratory
and Injunctive Relief under 42 U.S.C. § 1983)**

71. CoreCivic Defendants incorporate their previous responses as if restated herein.

72. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

73. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

74. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 74.

**(Amended Complaint Page 11 of 16)**

75. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

76. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

77. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility; Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

78. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 78.

79. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 79.

80. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 80; Additionally, Plaintiff is not currently housed by CoreCivic and therefore no injunctive relief should be sought related to CoreCivic Defendants.

**THIRD CAUSE OF ACTION: RETALIATION 42 U.S.C. § 1983**
**(Fourteenth Amendment Claim for Damages and Declaratory and Injunctive Relief under 42 U.S.C. § 1983)**
(Against Defendants Whitten and JCCC Guards)

81. CoreCivic Defendants incorporate their previous responses as if restated herein.

82. CoreCivic Defendants concede that Plaintiff has accurately quoted 42 USC § 1983.  CoreCivic Defendants deny any suggested or implied violation of the same.

**(Amended Complaint Page 12 of 16)**

83. Admitted.

84. Defendants Ensey and Gillespie are employed by CoreCivic, Inc. Oklahoma DOC and CoreCivic, Inc., had entered into an incarceration services contract for the housing of medium-security and maximum-security inmates at the Cimarron Correctional Facility. Plaintiff's allegations of wrongdoing by these Defendants are denied.

85. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 85.

86. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 86. Additionally, Plaintiff is not currently housed by CoreCivic and therefore no injunctive relief should be sought related to CoreCivic Defendants.

**FOURTH CAUSE OF ACTION: VIOLATION OF PRISON RAPE ELIMINATION ACT AT CCF**
**(Eighth and Fourteenth Amendment Claim for Damages under 42 U.S.C. §§ 15605 et seq.)**
(Against Defendants Byrd, Enzy, Gillespie, and Morris)

87. CoreCivic Defendants incorporate their previous responses as if restated herein.

88. CoreCivic Defendants admit that Plaintiff was housed at CCF "for a period of time."

89. Defendants do not have sufficient information at this time to admit or deny the Plaintiff's allegations, and therefore the same are denied.

90. CoreCivic Defendants deny the allegations contained in Plaintiff's paragraph 90.

**(Amended Complaint Page 13 of 16)**

<b>FIFTH CAUSE OF ACTION: VIOLATION OF PRISON RAPE<br>
ELIMINATION ACT AT DCCC<br>
(Eighth and Fourteenth Amendment Claim for<br>
Damages under 42 U.S.C. §§ 15605 et seq.)</b><br>
(Against Defendants Dowlins)

91. CoreCivic Defendants incorporate their previous responses as if restated herein.

92. CoreCivic Defendants admit Plaintiff was transferred to Dick Conners Correctional Center.

93. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility. Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

94. CoreCivic Defendants have no knowledge regarding the actions of Plaintiff or Staff at any facility other than Cimarron Correctional Facility. Therefore, all allegations are strictly denied as they relate to CoreCivic Defendants.

<b>SIXTH CAUSE OF ACTION: FALURE TO PROTECT<br>
(Eighth Amendment Claim for Damages and Declaratory and Injunctive<br>
Relief under 42 U.S.C. § 1983)</b><br>
(Against Defendants Byrd, Enzy, Gillespie, and Morris)

95. CoreCivic Defendants incorporate their previous responses as if restated herein.

96. Plaintiff makes no allegations regarding these Answering Defendants in Paragraph 96.

97. CoreCivic Defendants deny the allegations in paragraph 97.

**(Amended Complaint Page 14 of 16)**

98. CoreCivic Defendants deny the allegations in paragraph 98.

99. CoreCivic Defendants deny the allegations in paragraph 99.

100. CoreCivic Defendants deny the allegations in paragraph 100.

**WHEREFORE,** premises considered, Plaintiff's allegations set forth in this Amended Complaint have either been denied or admitted. Defendants specifically deny Plaintiff's claims of constitutional violations brought forward to the District Court. Defendants deny Plaintiff is entitled to any relief from this Honorable Court.

1. CoreCivic Defendants deny that Plaintiff's rights have been violated.

2. Plaintiff is no longer housed at a CoreCivic facility therefore the requested relief would be pointless as to the CoreCivic Defendants.

3. Defendants deny Plaintiff is entitled to compensatory damages.

4. Defendants deny Plaintiff is entitled to punitive damages.

5. Defendants deny that Plaintiff has presented issues justifying a jury trial.

6. Defendants deny Plaintiff is entitled to fees and costs.

7. Defendants deny Plaintiff is entitled to any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

As separate affirmative defenses to the averments contained in the Plaintiff's Amended Complaint, CoreCivic Defendants state as follows:

1. As a separate and alternative affirmative defense, CoreCivic Defendants allege Plaintiff has not stated a basis for an award of compensatory, exemplary, or punitive damages.

2. As a separate and alternative affirmative defense, CoreCivic Defendants allege Plaintiff has failed to state a claim or claims upon which relief could be granted as to these answering Defendants. To state a claim in federal court, a complaint must

explain what a Defendant did to the Plaintiff, when the Defendant did it, how the Defendant's action harmed the Plaintiff, and what specific legal right the Plaintiff believes the Defendant violated. *See* Nasious v. Two Unknown B.I.C.E Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff has failed to plausibly plead that Defendants, by virtue of their own conduct and state of mind, violated the Constitution. *See* Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010).

    3.    As a separate and alternative affirmative defense, CoreCivic Defendants allege Plaintiff failed to first exhaust administrative remedies as to the claims brought forward to the District Court as required by the Prison Litigation Reform Act and Oklahoma law. *See* 42 U.S.C. § 1997e(a) and 57 O.S. §§ 564, 566(A)(1), 566.3(G)(2), 566.5.

    4.    As a separate and alternative affirmative defense, CoreCivic Defendants allege that at all times material to the Amended Complaint they acted in good faith and in a reasonable manner.

    5.    As a separate and alternative affirmative defense, CoreCivic Defendants state that they did not breach a duty owed to Plaintiff nor did CoreCivic Defendants cause or contribute to any injury allegedly suffered by Plaintiff.

    6.    As a separate and alternative affirmative defense, Defendants assert that pursuant to 57 O.S. §566.4(B)(1), no policy or internal management procedure issued for the management of a prison or jail shall constitute any contractual relationship or obligation between the prison or any of its officers, members, servants or employees and the prisoner.

7. As a separate and alternative affirmative defense, CoreCivic's employees were supervised and controlled in a manner that was constitutional, proper, and sufficient under state and federal law.

8. As a separate and alternative affirmative defense, no policy or custom of Defendant CoreCivic caused or contributed to a violation of any of Plaintiff Porter's constitutional rights.

9. CoreCivic Defendants state they intend to rely upon other defenses as may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure.

## **CONCLUSION**

WHEREFORE, CoreCivic Defendants Ensey and Gillespie respectfully pray the Court enter its order of judgment in favor of Defendants and against the Plaintiff; that the Court dismiss the Plaintiff's allegations as set forth above; that the Plaintiff take nothing by way of this petition herein; and, that the Defendants be awarded their attorney fees and costs for defense of this action and receive any and all other appropriate relief.

Respectfully submitted,
Defendants Ensey and Gillespie.

By: /s/ Darrell Moore
DARRELL L. MOORE, OBA 6332
P.O. Box 368
Pryor, OK 74362
(918) 825-0332
(918) 825-7730 fax
Attorney for CoreCivic Defendants

*Certificate of Service*

☑ I hereby certify that on April 28, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Lauren R. Myers, OBA No. 32842
lmyers@4sda.com

Jacqueline R. Zamarripa
Assistant Attorney General
Oklahoma Attorney General's Office

I hereby certify that on April 28, 2021, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

DARRELL L. MOORE